UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORNELIUS WILSON (#9000060276)

VERSUS                                         CIVIL ACTION

HAROLD WILLIAMS, ET AL                         NUMBER 14-582-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 26, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORNELIUS WILSON (#9000060276)

VERSUS                                                CIVIL ACTION

HAROLD WILLIAMS, ET AL                                NUMBER 14-582-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Baton Rouge City Police officers Harold Williams, Jeffery Pittman, Samuel White, Charles Karras, Richard McCloskey and Christopher McClure.  Plaintiff alleged that in 2012 his vehicle was searched during a traffic stop.  Plaintiff alleged that personal property and money was confiscated during a warrantless search of his vehicle and the items have not been returned or accounted for, all in violation of his constitutional rights.

A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all, or any part of, the complaint should be dismissed as frivolous.  At the *Spears* hearing, the plaintiff stated that in August 2012, while on parole from the sentence on a previous conviction, he was arrested on drug charges.  Plaintiff stated that following his arrest his vehicle was moved to the police station where it was searched and inventoried.

Plaintiff stated that his personal belongings, including a camera and lense, a gold chain, a diamond studded medallion and more than $9,000 in cash were seized from the vehicle. Plaintiff stated that he filed a request in the state court where the criminal proceedings were pending for the return of the property. Plaintiff stated that he was advised that the money was being held by the district attorney as evidence and as the proceeds of drug transactions. Plaintiff stated that the camera and lense, gold chain and diamond studded medallion were not returned or even listed on the vehicle inventory sheet. Plaintiff stated that he believes the officers who conducted the search of his vehicle stole those items.

## I. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or

strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Prescription

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ketzel v. Barnett*, 263 F.3d 163 (5th Cir. 2001); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Therefore, any claims plaintiff had against these defendants based on a warrantless search of his vehicle on August 24, 2012, have prescribed.

**C. Deprivation of Property**

Plaintiff alleged that he was deprived of his property without due process of law, i.e. specifically, that the defendants stole his property.

Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Under the *Parratt/Hudson* cases, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the State fails to provide an adequate post-deprivation remedy. Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

While a routine search and inventory of a vehicle following an arrest ordinarily would not be a random and unauthorized seizure, here the plaintiff contends that the defendants did not just seize his property as part of the inventory process and then refused to return it. Rather, he alleges they stole it. This, the plaintiff asserted, is supported by the fact that the allegedly missing

4

property is not on the inventory. Accepting as true that the plaintiff's property was in the vehicle when he was arrested, that the defendants seized the vehicle and the property in it, that the defendants took the property from the vehicle without listing it on an inventory, and that they did not return it, this would be a random and unauthorized deprivation of property. Plaintiff cannot plausibly allege that the defendants were authorized to steal his property or that their doing so was foreseeable. Therefore, under the *Parratt/Hudson* cases, there is no deprivation of property without due process unless the state fails to provide an adequate post-deprivation remedy. But as noted above, the State of Louisiana has adequate remedies the plaintiff may employ.

**D. Supplemental Jurisdiction**

Insofar as the plaintiff's complaint can be read to invoke the supplemental jurisdiction of this court, the court should decline to do so. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), unless within 14 days from when the district judge acts on this report, the plaintiff files an amended complaint which alleges specific facts as to each defendant that are sufficient to state a claim upon which relief may be granted. It is further recommended that, if the complaint is dismissed, the court decline to exercise supplemental jurisdiction over any state law claims the plaintiff may have alleged.

Baton Rouge, Louisiana, November 26, 2014.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE