UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORNELIUS WILSON (#9000060276)

VERSUS                                CIVIL ACTION

HAROLD WILLIAMS, ET AL                NUMBER 14-582-SDD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 20, 2015.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CORNELIUS WILSON (#9000060276)

VERSUS                                        CIVIL ACTION

HAROLD WILLIAMS, ET AL                        NUMBER 14-582-SDD-SCR

## SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Baton Rouge City Police Officers Harold Williams, Jeffery Pittman, Samuel White, Charles Karras, Richard McCloskey and Christopher McClure.  Plaintiff alleged that in 2012 his vehicle was searched during a traffic stop.  Plaintiff alleged that personal property and money was confiscated during a warrantless search of his vehicle and the items have not been returned or accounted for, all in violation of his constitutional rights.

A Magistrate Judge's Report was issued on November 26, 2014 recommending that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and this action be dismissed, unless within 14 days from when the district judge acts on the Magistrate Judge's Report the plaintiff files an amended complaint that alleges specific facts as to each defendant that are

sufficient to state a claim upon which relief may be granted.[1]
Plaintiff did not file an objection to the Magistrate Judge's
Report, but December 15, 2014, he did file an Amended Complaint,
which was within the time allowed for filing an objection.[2]  On
January 23, 2015, the district judge issued her Ruling adopting the
Magistrate Judge's Report and recommendation as the court's
opinion, and dismissed the case unless the plaintiff filed a
sufficient amended complaint.[3]  The Ruling did not address or
mention the plaintiff's Amended Complaint.

Plaintiff's Amended Complaint merely restates the allegations
asserted in the original complaint as supplemented at the hearing
held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
Specifically, the plaintiff repeated his claim that his personal
property was in the vehicle when he was arrested, that the
defendants seized the vehicle and the property in it (now
identified as a camera), that the defendants took the property from
the vehicle without listing it on an inventory, and that they did
not return it.  For the same reasons the plaintiff's original
complaint failed to state a claim upon which relief can be granted,
as explained in the Magistrate Judge's Report, his Amended
Complaint also fails to allege sufficient facts to state a claim

---

[1] Record document number 8.

[2] Record document number 9.

[3] Record document number 10.

upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint, as amended, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), without leave to further amend the complaint, and this action be dismissed.

Baton Rouge, Louisiana, February 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE